IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BROCK PURVIANCE** § | |
| § | |
| v. § | 1:10-CV-255-LY |
| § | |
| **CLAUDE MAYE** § | |
| **WARDEN, FCI BASTROP** § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner's Application for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 (Clerk's Doc. No. 1); Response to Petition for Writ of Habeas Corpus by Claude Maye, including Exh. A: Declaration of Martin Joseph Sweaney (Clerk's Doc. No. 10); Advisory to the Court by Claude Maye, including Exh. B: Declaration of Darrin C. Scott (Clerk's Doc. No. 11); and Reply Brief to Response by Brock Purviance (Clerk's Doc. No. 12). The undersigned Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

On October 6, 2006, Brock Purviance ("Petitioner") pled guilty, pursuant to a plea agreement, to the crime of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) in the United States District Court for the District of Alaska. On January 3, 2007, the court sentenced Petitioner to 71 months in prison, followed by a 25-year-term of supervised release, a $100 special assessment, and $2,605 in restitution. On January 14, 2009, Petitioner filed a *pro se*

petition for writ of habeas corpus to vacate his sentence in the District of Alaska pursuant to 28 U.S.C. § 2255. After initially dismissing the petition on November 10, 2009, the district court granted Petitioner's request for a certificate of appealability on November 24, 2009. Petitioner is currently confined at FCI Bastrop and his projected release date, via good conduct time, is July 15, 2011.

On April 14, 2010, Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner generally alleges that his statutory and constitutional rights are being violated by the Bureau of Prison's ("BOP") misinterpretation of 18 U.S.C. § 3621(e)(2)(B) ("§ 3621") and failure to comply with the Administrative Procedure Act ("APA"). Petitioner argues he is eligible for the sentence reduction pursuant to § 3621 upon successful completion of the Residential Drug Abuse Treatment Program ("RDAP"). Petitioner claims his instant offense is not a "crime of violence" and therefore he should not be subject to the violent offender's exception. In addition, Petitioner argues the BOP's policies promulgating categorical exclusion for the sentence reduction pursuant to § 3621 as applied to him are misinterpretations of controlling law and violate § 706 of the APA. In conclusion, Petitioner asks the court to issue a preliminary injunction or writ of mandamus directing the Respondent to deem him eligible for the sentence reduction of up to one year pursuant to § 3621. On April 20, 2010, Petitioner filed a motion to expedite, which was denied on April 22, 2010. (Clerk's Doc. No. 9).

## II. ANALYSIS

### A.   Exhaustion of administrative remedies

Federal prisoners must exhaust all available administrative remedies before seeking habeas relief in federal court under 28 U.S.C. § 2241. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

Exceptions to the exhaustion requirement arise when "available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Id.* These exceptions "apply only in extraordinary circumstances," and the petitioner bears the burden of establishing that administrative review would be futile in his case. *Id.*

The Federal Bureau of Prisons, which administers the prison in which Petitioner is incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff by filing a BP-8 form. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the Warden using a BP-9 form. 28 C.F.R. § 542.14(a). If the prisoner is not satisfied with the Warden's response, he may appeal to the Regional Director using a BP-10 form. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel using form BP-11. 28 C.F.R. § 542.15.

The Government contends that Petitioner has not exhausted his administrative remedies through the BOP. Petitioner's appeal to the Office of General Counsel, received in the Office of General Counsel on December 31, 2009, was rejected on January 28, 2010 because not all four copies of the appeal were legible. *See* Declaration of Martin Joseph Sweaney, Exh. B to Response (Clerk's Doc. No. 10); Declaration of Darrin C. Scott, Exh. B to Advisory to Court (Clerk's Doc. No. 11). The rejection notice further stated that Petitioner had the option of re-submitting his appeal in proper form within 15 days, which Petitioner failed to do. *Id.*

Petitioner replies he was not given the opportunity to timely resubmit the appeal to the Office of General Counsel because the allotted 15 days had already expired upon his receipt of the rejection

notice. The rejection notice, dated January 28, 2010, was stamped as being received at FCI Bastrop on February 5, 2010. Petitioner contends the rejection notice was not personally delivered to him until February 16, 2010, through the standard mail delivery process at FCI Bastrop. Petitioner further contends he approached the institutional mail-room staff on the issue but received no explanation.

Assuming Petitioner did not personally receive the rejection notice until February 16, 2010, and therefore was not made aware of the opportunity to resubmit a legible copy before the 15 days expired, he still could have filed for an extension under 28 C.F.R. § 542.15(a). Valid reasons for delay include:

> [A]n extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 of this part was delayed.

28 C.F.R. § 542.14(b). The BOP regulations are silent on whether an extension can be sought even after the time for filing has expired. *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989). However, the Ninth Circuit has ruled that difficulties which a prisoner may experience in meeting the time requirements for an administrative appeal are properly first brought before the administrative agency. *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986). "Given that interference by government officials would constitute an excuse for procedural default, and that the prison's failure to act promptly cannot bind a *pro se* prisoner, it would appear that delay by prison officials . . . would constitute a valid reason for delay." *Nigro v. Sullivan*, 40 F.3d 990, 996 (9th Cir. 1994). Petitioner has failed to proffer any facts that show he requested an extension or brought the issue to the

administrative agency's attention, aside from confronting the institutional mail-room staff. Thus the Magistrate finds Petitioner failed to exhaust his administrative remedies.

Next, Petitioner contends that efforts to exhaust administrative remedies would have been futile because according to the BOP's interpretation of § 3621, Petitioner is categorically excluded from early release consideration. Petitioner claims there is no reason to presume the BOP would vary from its own policies. This argument is unconvincing because "the mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile." *Herman v. Wendt*, 2004 U.S. Dist. LEXIS 398 (N.D. Tex., Jan. 13, 2004) (citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial is the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion.")). Therefore, Petitioner's belief that the Office of General Counsel would have denied his relief is not enough to carry his burden of establishing that administrative review would have been futile in his case.

Moreover, the Fifth Circuit has ruled that a Petitioner who successfully appealed to the Regional Director following his first hearing demonstrated that the review process was not "unavailable," "inappropriate," or "patently futile" when he later attempted to excuse his failure to fully exhaust his administrative remedies. *Cartwright v. Outlaw*, 293 Fed. Appx. 324, 2008 U.S. App. LEXIS 20140 (5th Cir. Sept. 19, 2008) (not selected for publication in Federal Reporter). Despite Petitioner's unsuccessful appeal to the Office of General Counsel, he did successfully appeal to the Regional Director. In fact, Petitioner twice commenced, but never completed, the process of administrative exhaustion. *See* Declaration of Martin Joseph Sweaney, Exh. B to Response (Clerk's Doc. No. 10); Declaration of Darrin C. Scott, Exh. B to Advisory to Court (Clerk's Doc. No. 11). Therefore, as expressed by the Fifth Circuit, the review process was not "unavailable,"

"inappropriate," or "patently futile" in his case. Petitioner's failure to exhaust is not excused and his claims should be dismissed on this basis.

      **B.**      **Petitioner's APA Argument**

Petitioner claims that the BOP's implementation of 28 C.F.R. § 550.55 governing the RDAP program violates the Administrative Procedure Act. Petitioner claims the BOP has failed to articulate a rationale when it exercised its discretion in categorically excluding certain inmates from eligibility for a one year sentence reduction upon successful completion of the RDAP. Petitioner argues such a failure is a violation of § 706 of the APA, and thus renders some of the BOP's exclusions arbitrary, capricious, and abuse of discretion or otherwise not in accordance with the law. *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).

However, the Fifth Circuit has specifically rejected Petitioner's argument. In *Handley v. Chapman*, the Fifth Circuit rejected the argument set forth in *Arrington.* 587 F.3d 273, 279 (5th Cir. 2009). In *Handley*, the Fifth Circuit held that 28 C.F.R. § 550.55 (which includes 28 C.F.R. § 550.55(b)(5)(iv) (transportation of minors)) "provides a much more detailed rationale for the categorical exclusion." 587 F.3d at 279. The Fifth Circuit reasoned the denial of eligibility for the offenses listed in 28 C.F.R. § 550.55(b)(5)(i)-(iv) "rationally reflects the view that, in committing such offenses, these inmates displayed a readiness to endanger another's life." *Id.* Thus, the BOP's application of 28 C.F.R. § 550.55 does not violate the APA and was properly applied to Petitioner in denying him credit for RDAP.

      **C.**      **Petitioner's claims do not have merit**

Alternatively, the Court reaches the merits of Petitioner's claims. Assuming that Petitioner has exhausted his administrative remedies, he is still not eligible for release. The relevant statute,

-6-

18 U.S.C. § 3621, empowers the BOP to grant a discretionary sentence reduction not exceeding one year to an inmate convicted of a nonviolent felony who successfully completes RDAP. *Handley,* 587 F.3d at 276. Despite Petitioner's contention that he was convicted of a nonviolent offense, Petitioner was convicted of a crime of violence as defined in BOP Program Statement 5162.05 and its predecessor 5162.04. These Program Statements make him ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B).

However, even if convicted of a nonviolent offense, Petitioner is still not necessarily eligible for early release for completion of RDAP. The Supreme Court has interpreted § 3621 to mean that "the Bureau . . . has the authority, but not the duty . . . to reduce [the prisoner's] term of imprisonment" if the prisoner successfully completes drug treatment. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). *Lopez* held that the BOP has the discretion to deem entire categories of offenders ineligible for early release. *Id.* at 244.

Pursuant to 28 C.F.R. § 550.55(b)(5)(iv), the BOP has used its authority to categorically exclude from eligibility for early release all inmates with "a current felony conviction . . . for an offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors . . . ." Purviance admits that in the course of his convicted offense, he had sexual intercourse with a minor. Petitioner mistakenly limits the *Lopez* holding to allowing only the categorical exclusion of those prisoners convicted of instant offenses involving firearms. On the contrary, *Lopez* is not limited to firearms, but broadly states that "the decisionmaker has the authority to rely on rulemaking to resolve certain issues of general applicability. . .[t]he Bureau is not required continually to revisit issues that may be established fairly and efficiently in a single rulemaking proceeding." *Lopez*, 531 U.S. at 243-244 (citations and quotations omitted).

Thus, pursuant to 28 C.F.R. § 550.55(b)(5)(iv), the BOP properly declined to grant Petitioner a sentence reduction despite his participation in RDAP.

### III.  RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Brock Purviance's Writ of Habeas Corpus under 28 U.S.C. § 2241 (Clerk's Docket No. 1) **WITH PREJUDICE.**

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of September, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE